No. 462

CAPITAL CITY PRODUCTS CO. v. HALLORAN

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1476. Decided Feb. 25, 1927

191. BURDEN OF PROOF—Ratification— Where defense on note is duress and no consideration, the allegation of ratification of said note by defendant, in plaintiff's reply, is an affirmative plea of avoidance, having been made to avoid the defense of duress, and the burden of proof as to ratification rests upon the plaintiff.

**First Publication of this Opinion**

PER CURIAM.

The original action was brought in the Franklin Common Pleas upon a cognovit note given by William Halloran to the Capital City Products Co. for $2425.50. A judgment was taken in the lower court, but was later opened up and Halloran given leave to file answer and present his defense. An answer was filed setting up first, that the note was secured by duress, and second, that it was without consideration.

The reply was a general denial and also alleged that Halloran had ratified the note by repeated recognition thereof and by payments thereon. Trial resulted in favor of Halloran. The verdict was set aside by the court on the weight of the evidence and on re-trial verdict was for Halloran. Error is brought here

by the Company. The Court of Appeals held:

1. It is urged that the trial court erred in charging the jury as to the burden of proof upon the issue of ratification. At one time the court charged that the burden was upon plaintiff to prove ratification of the note by Halloran, by a preponderance of the evidence, and later on the court said "that the burden was on the defendant to prove not only (1st) duress when the note was executed, but (2nd) that it was not ratified by treating it as a valid note by recognizing its validity by payment made or by continued relations between plaintiff and defendant."

2. If the court was correct in his charge, placing the burden of proof as to ratification, or want of ratification upon the defendant, it would follow that another paragraph in the same charge expressly placing the burden upon the plaintiff as to ratification, would be prejudicial error, inasmuch as the jury would not know whcih of the inconsistent charges to follow.

3. The plaintiff introduced the issue of ratification in its reply and is nothing more than an affirmative plea of avoidance. Having made by its reply, the plea of ratification, to avoid the defense of duress, the burden of proof as to ratification rests upon the plaintiff.

4. Where the Court of Common Pleas rendered a proper judgment and refused to grant a new trial because of the statutory limitation forbidding the Court of Common Pleas from granting a second new trial on the weight of the evidence, the Court of Appeals is bound to affirm that judgment, if no other errors or irregularities exist.

5. The jurisdiction of the Court of Appeals being constitutional, no matter what the statute provides as to the granting of a new trial in the Court of Appeals, such statute cannot enlarge the jurisdiction of the Court of Appeals beyond that provided for in the Constitution.

Judgment therefore affirmed.

(Ferneding, Kunkle & Allread, JJ., concur.)

Attorneys—John A. Connor and James A. Allen for Products Co.; M. L. Boyd for Halloran; all of Columbus.